UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV11-00476 JAK (PLAx) | Date | July 23, 2012 |
|---|---|---|---|
| | ED CV11-00615 JAK (PLAx) | | |
| Title | Federal Deposit Insurance Corporation v. James R. Appleton, et al. | | |
| | Willis E. Short, II v. Suzanne Dondanville, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Gregory E. Del Gaizo | James Oliva |
| Stephen Wiman | Mark R. McDonald |
| S. Ashar Ahmed | Dan E. Marmalefsky |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (Dkt. 57)** *(Case No. ED CV11-00615 JAK (PLAx))*

**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, MOTION TO STRIKE AFFIRMATIVE DEFENSES FROM DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT (Dkt. 116)** *(Case No. LA CV11-00476 JAK (PLAx))*

**STATUS CONFERENCE RE STATUS OF CASE, DATES AND DISCOVERY** *(Both Cases)*

The motion hearing is held.

The Court first addresses *Short v. Dondanville, et al.*, ED CV11-00615. The Court states its detailed, tentative views on the record. The Court addresses the Section 10(b) and Rule 10b-5 claims based on Defendants' alleged misrepresentations concerning the Bank's capitalization, its underwriting and monitoring controls, and its accounting. The Court is inclined to grant the motion to dismiss in part with leave to amend, grant it in part without leave to amend, and deny it in part as to Plaintiffs' Section 10(b) and Rule 10b-5 claims. The Court addresses Plaintiffs' claims of control person liability under Section 20(a), and is inclined to grant the motion with leave to amend in part, and deny the motion in part. Counsel for both parties address the Court regarding the issues it raises, including: (i) arguments Defendants may make in any future motions to dismiss, (ii) Defendants' statements regarding capitalization, (iii) the particularity of Plaintiffs' factual allegations, (iv) loss causation, (v) the Bank's underwriting and monitoring controls, (vi) Plaintiffs' allegations of scienter, and (vii) the size of the Bank's lending activity.

The Court takes the matter under submission and will issue a written ruling. Any amended complaint shall be submitted no more than 15 days following the issuance of the Court's written ruling. It shall contain a revised version of the chart, attached to the Second Amended Complaint as Exhibit A, that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-00476 JAK (PLAx)<br>ED CV11-00615 JAK (PLAx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | Federal Deposit Insurance Corporation v. James R. Appleton, et al.<br>Willis E. Short, II v. Suzanne Dondanville, et al. | | |

provides the information, and is organized in the fashion, specified by the Court in the present hearing and in previous hearings. In any subsequent motion to dismiss, Defendants shall address only deficiencies in Plaintiffs' new complaint that have not already been addressed in Defendants' earlier motions or by the Court. Any motion to dismiss and any opposition shall be limited to 25 pages each, with any reply limited to 10 pages.

The Court addresses *Federal Deposit Insurance Corp. v. Appleton, et al.*, LA CV11-00476. The Court expresses its tentative views on the record. First, the Court notes that Defendants have withdrawn their second and fourth affirmative defenses: vague and uncertain and discharge in bankruptcy. Defendants also provide no opposition to Plaintiff's argument that their first affirmative defense for "failure to state a claim" is improper. Thus, Defendants' first, second and fourth affirmative defenses are stricken.

The parties dispute whether the heightened pleading standard adopted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), governs affirmative defenses. No Court of Appeals, including the Ninth Circuit, has decided this issue, and district courts have reached inconsistent outcomes. The Court's view is that the heightened pleading standards do apply to affirmative defenses such that the defendant must provide "at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). Here, Defendants have not satisfied this standard; instead, they appear to have included a number of affirmative defenses only because they might apply, without alleging the factual basis on which they would apply to the claims advanced in Plaintiff's complaint. Thus, the Court's tentative view is that it will strike Defendants' answers and grant leave to amend to allow Defendants to add factual allegations in compliance with the heightened pleading standards.

Turning to the "no duty" rule, the Court's tentative view is that the no duty rule remains viable following the Supreme Court's decision in *O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994). In *O'Melveny*, the Court determined that California common law applied such that "the FDIC as receiver steps into the shoes of the" failed bank, and "any defense good against the original party is good against the receiver." *Id.* at 86 (internal quotations omitted). Thus, as applied to the facts at issue in that case, the Court held that, to the extent that the bank's counsel took certain actions prior to the receivership that could be imputed to the bank, those actions could also be imputed to the FDIC as receiver. However, although the FDIC may, under state common law, be responsible for the actions of another party that occurred pre-receivership, it does not follow that Defendants can raise affirmative defenses based only on the FDIC's post-receivership conduct. Thus, the Court's tentative view is that the no duty rule remains available to shield the FDIC from liability for its own conduct as receiver. However, to the extent that Defendants' affirmative defenses are based on the actions of others that occurred prior to the bank entering receivership, the defenses may remain available.

Under California law, "defenses based on a party's unclean hands or inequitable conduct do not generally apply against that party's receiver." *FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV11-00476 JAK (PLAx)<br>ED CV11-00615 JAK (PLAx) | Date | July 23, 2012 |
| Title | Federal Deposit Insurance Corporation v. James R. Appleton, et al.<br>Willis E. Short, II v. Suzanne Dondanville, et al. | | |

1995). As the Ninth Circuit reasoned on remand in *O'Melveny & Myers*,

> While a party may itself be denied a right or defense on account of its misdeeds, there is little reason to impose the same punishment on a trustee, receiver or similar innocent entity that steps into the party's shoes pursuant to court order or operation of law. Moreover, when a party is denied a defense under such circumstances, the opposing party enjoys a windfall. This is justifiable as against the wrongdoer himself, not against the wrongdoer's innocent creditors.

*Id.* at 19. Thus, the Court's tentative view is that the bank's alleged inequitable conduct cannot be imputed to the FDIC as receiver in support of an equitable defense. To evaluate whether this rule bars Defendants' equitable affirmative defenses, Defendants must provide more facts regarding the conduct they claim gives rise to their defenses.

The Court tentatively strikes Defendants' affirmative defenses for lack of proximate cause, no injury, and speculative damages (seventh, eleventh and twelfth affirmative defenses) because they simply recite potentially missing elements of Plaintiff's prima facie negligence claim. Although the underlying arguments may be raised at trial to challenge Plaintiff's case-in-chief, they are not affirmative defenses for which Defendants have the burden of proof. With respect to Defendants' eighth affirmative defense for intervening or superseding cause, the Court's tentative view is that this defense is barred only to the extent that it is based on the FDIC's conduct as receiver. To the extent it is advanced based on the pre-receivership conduct of certain others acting as or for the bank, it may be a defense that can be pursued. The Court reserves this issue until there is greater detail provided in the amended answers. Turning to Defendants' sixth affirmative defense invoking the business judgment rule, the Court previously ruled that the business judgment rule is unavailable to the Officer Defendants; thus, the Court tentatively strikes the sixth affirmative defense to the extent that it is advanced by the Officer Defendants. Finally, the Court's tentative view is that Defendants' fifteenth and sixteenth affirmative defenses, which attempt to reserve rights under Civil Rule 19 and Civil Rule 14, respectively, should be stricken because these are not affirmative defenses. Defendants can seek to add parties via the proper motions, but may not reserve the right to add parties as an affirmative defense.

In sum, the Court is inclined to strike Defendants' first, second, fourth, seventh, eleventh, twelfth, fifteenth and sixteenth affirmative defenses, and the Officer Defendants' sixth affirmative defense. The availability of the other affirmative defenses is unclear at this time and will be reassessed after the presentation of greater factual detail in the amended answers describing the alleged conduct that gives rise to each of these defenses. Thus, the Court tentatively strikes each Defendant's answer and grants leave to amend so that Defendants can replead their surviving affirmative defenses with the requisite level of detail.

The Court also expresses its view that further motion practice concerning Defendants' affirmative defenses may not be an efficient use of resources given the availability of contention interrogatories to Plaintiff and the lack of urgency in resolving many of these issues. However, the Court recognizes that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-00476 JAK (PLAx)<br>ED CV11-00615 JAK (PLAx) | Date | July 23, 2012 |
|---|---|---|---|
| Title | Federal Deposit Insurance Corporation v. James R. Appleton, et al.<br>Willis E. Short, II v. Suzanne Dondanville, et al. | | |

whether certain discovery can be pursued by Defendants may turn on the availability of one or more of the challenged defenses.

Counsel for Plaintiff and Defendants address the Court regarding each affirmative defense and the issues raised by the Court, including: (i) the practical significance of deciding these issues early in the litigation, and the defenses' effect on the scope of discovery; (ii) Defendants' potential basis for asserting the defense of unclean hands; (iii) whether the FDIC as receiver is responsible for the actions of the FDIC as regulator in connection with equitable defenses; (iv) if the FDIC approves certain actions as a regulator and then later, as receiver, seeks to recover notwithstanding the effect of those same actions, whether that would support an affirmative defense, including unclean hands; (v) whether the Court previously ruled that the business judgment rule is unavailable to shield officers from liability, and the scope of the Court's prior ruling; (vi) whether Defendants can rely on the affirmative defense of intervening or superseding cause based on actions other than those taken by the FDIC; (vii) the basis for the affirmative defense of proportionate liability, and the other parties whom Defendants assert are liable; (viii) whether the affirmative defense of failure to mitigate is available against the FDIC in light of the FDIC's statutory duties; (ix) the effect of the no duty rule on the availability of the defense of failure to mitigate; (x) whether the defense of failure to mitigate necessarily involves judicial review of the FDIC's discretionary decisions; and (xi) the basis for the defense of comparative negligence.

The Court adheres to its tentative view and GRANTS in part the motion to strike Defendants' affirmative defenses. The Court finds that the *Iqbal* and *Twombly* pleading standards apply, and instructs Defendants to replead their affirmative defenses in compliance therewith. Counsel for Defendants represents that he will carefully consider the basis for each affirmative defense before repleading. Defendants' amended answers shall be filed on or before August 13, 2012.

The status conference is held. A further status conference for both actions is scheduled for October 1, 2012. The parties shall submit a joint report on or before September 27, 2012 with respect to the status of discovery and settlement efforts in *Short* and the developments with respect to affirmative defenses and the parties' pending discovery issues in *FDIC.* The parties represent that they are pursuing settlement efforts with Judge Tevrizian (Ret.), and that they are currently selecting a date in October. Accordingly, the Court continues the Post Mediation Status Conference to November 5, 2012 at 1:30 p.m. If a settlement is reached, the parties are ordered to file a notice of settlement with a proposed date by which the matter will be dismissed. No appearance will be required on November 5, 2012 if such notice is filed on or before November 2, 2012.

**IT IS SO ORDERED.**

|  | 1 | 18 |
|---|---|---|
| Initials of Preparer | ak | |